IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HAMMEL J. CLARK #316-351       *
    Plaintiff,
                                            *

    v.                                              CIVIL ACTION NO. RWT-10-848
                                            *

TSECHAI TESSEMA, R.N.[1] and
CORRECTIONAL MEDICAL SERVICES,   *
INC.
    Defendants.                          *
                                            ******

**<u>MEMORANDUM OPINION</u>**

Plaintiff seeks money damages against prison nurse Tsehai Tessema for deliberate indifference, negligence and incompetence, alleging that she gave him an excessive dose of medication, causing an adverse reaction. Plaintiff additionally seeks money damages from Nurse Tessema's employer, Correctional Medical Services, Inc., for allegedly failing to supervise. The parties have filed cross-motions for dismissal or for summary judgment[2] (ECF Nos. 12 and 15), and Plaintiff has filed additional non-dispositive papers that shall be decided at this time.[3] ECF Nos. 9, 17 and 19. For reasons apparent herein, the matter shall be decided without a hearing. <u>See</u> Local Rule 105.6 (D. Md. 2010).

Non-dispositive matters shall first be addressed. Plaintiff requests default judgment on the basis that counsel for Defendants failed to timely respond to his Complaint. ECF No. 9, The motion shall be denied. Counsel for Defendants entered appearances, respectively, on May 13 and May 14, 2010. Pursuant to local practice, Defendants' response was due on or before July

---

[1] The Clerk shall amend the caption of the docket to reflect the full and correct spelling of Nurse Tessema's name.

[2] Both dispositive motions rely on matters outside the pleadings and shall be treated as motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

[3] The Court construes ECF Nos. 15, 16, 17, 18 and 19 as filed in opposition to Defendants' motion for summary judgment.

13, 2010.  See In re: State Prisoner Litigation, Misc. No. 00-308, Administrative Order 2003-7 (D. Md. Nov. 21, 2003).  Defendants' motion for extension of time (until August 1, 2010), received July 12, 2010, was granted.  ECF Nos. 10 and 11.  Defendants filed a dispositive motion in lieu of an answer on July 30, 2010.  ECF No. 12.

Although entitled "Motion to Amend," ECF No. 17 provides information best construed as an opposition in response to Defendants' dispositive pleading.  ECF No. 19, entitled "Motion for Injunction," likewise shall be construed as an opposition to Defendants' dispositive pleading.[4]

Plaintiff argues that Defendants improperly obtained his medical records which Defendants' counsel provided this Court as exhibits in support of their summary judgment motion.  He requests that the CMS employees who provided those records to counsel be added to this action, a request that is denied.  ECF No. 18 at 2-7.

Congress enacted the Health Insurance Portability and Accountability Act of 1996, Pub. L. 104-191, 110 Stat. 1936, which provides that the Secretary for Health and Human Services ("Secretary") has "the authority to make final regulations concerning the privacy of individually identifiable health information."  Nat'l Abortion Fed'n v. Ashcroft, 2004 WL 555701, at *2 (S.D.N.Y. Mar. 19, 2004); 42 U.S.C. §§ 1320d through 1320d-9.  HIPAA allows health information to be disclosed for judicial and administrative proceedings.  See 45 C.F.R. § 164.512(e).  Disclosure can be obtained in several situations, including when it is in response to a discovery request during litigation or pursuant to a court order.  45 C.F.R. § 164.512(e)(1)(i) & (ii).  HIPAA unequivocally permits health care providers and other covered entities to disclose protected health information *without* the consent of the patient in the context of judicial

---

[4] Plaintiff's claims therein concerning a December 3-4, 2010 disagreement involving Nurse Tessema and her colleague shall not be addressed here.

proceedings. 45 C.F.R. § 164.512(e); Bayne v. Provost, 359 F. Supp. 2d 234, 237 (N.D.N.Y. 2005). However, a provision or requirement under HIPAA "shall not supersede a contrary provision of State law, if the State law imposes requirements, standards, or implementation specifications that are more stringent than the requirements, standards, or implementation specifications imposed under the [HHS] regulation." Nat'l Abortion Fed'n, 2004 WL 555701, at *3 (citation omitted); 45 C.F.R. § 160.203(b); see also 42 U.S.C. § 1320d-7. Under Maryland law, health care providers such as Defendants may disclose without the patient's authorization a medical record if disclosure is necessary to defend a suit or a claim against the health care provider. See Md. Code Ann. Health-Gen. § 4-305. By filing this action, Plaintiff placed his medical records in issue. Those records shall be reviewed in connection with the dispositive motions now pending in this case.

Under Federal Rule of Civil Procedure 56, summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. In considering a motion for summary judgment, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248.

The Court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in [his] favor," Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 645 (4th Cir. 2002), but must also must abide by "the affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial," Bouchat v.

Baltimore Ravens Football Club, Inc., 346 F.3d 514, 526 (4th Cir. 2003) (internal quotations omitted).

Defendant Correctional Medical Services, Inc. ("CMS") argues that the complaint should be dismissed against it because as a corporate entity it cannot be held liable under 42 U.S.C. § 1983. ECF No. 12-1 at 8. A private corporation is not liable under § 1983 for actions allegedly committed by its employees when such liability is predicated solely upon a theory of *respondeat superior*. See Austin v. Paramount Parks, Inc., 195 F.3d 715, 727-28 (4th Cir. 1999); Powell v. Shopco Laurel Co., 678 F.2d 504, 506 (4th Cir. 1982); Clark v. Maryland Dep't of Public Safety and Correctional Services, 316 Fed. Appx. 279, 282 (4th Cir. 2009). While the Court agrees that CMS is not a proper defendant, CMS's dismissal from this suit does not end the Eighth Amendment inquiry.

As a prisoner claiming denial of medical care in violation of the Eighth Amendment, Plaintiff must prove two elements: one objective and one subjective. First, he must satisfy the objective element by illustrating that he had a serious medical condition. See Hudson v. McMillian, 503 U.S. 1, 9 (1992); Estelle v. Gamble, 429 U.S. 97, 105 (1976). If this first element is satisfied, Plaintiff must then prove the subjective element by showing "deliberate indifference" on the part of prison health care personnel. See Wilson v. Seiter, 501 U.S. 294, 303 (1991). "[D]eliberate indifference entails something more than mere negligence [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer v. Brennan, 511 U.S. 825, 835 (1994). Medical personnel "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [they] must also draw the inference." Id. at 837.

Health care staff are not liable if they "knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent." Id. at 844.

Plaintiff alleges that Nurse Tessema improperly gave him a double dose of methadone[5] the morning of March 17, 2010, immediately (and temporarily) resulting in his experiencing "excessive pain, vomiting, sweating, worrying, anxiety, stomach cramps, and headaches." ECF No. 1 at 4. He further alleges (in his complaint and in all of his opposition pleadings) that Tessema attempted to cover up her error by fabricating a statement that Plaintiff grabbed a cup containing the improper dose and ran from the dispensary area with the extra medication before she could retrieve the extra dose of methadone. In support of his claim he notes that he uses a wheelchair or walker for mobility, and thus could not "run away" with the extra medication. He further indicates that had he intentionally stolen a dose of methadone from the dispensary, he would have been apprehended by corrections personnel and charged with an institutional rule violation. Finally, he indicates that no corrections personnel have submitted affidavits supporting Tessema's version of events. ECF Nos. 1 at 4-5, 14 at 3, 15 at 2-3.

Defendant Tessema's version of events differs greatly from Plaintiff's. She takes the position that Plaintiff grabbed the extra medication before she could remove the one extra dose of methadone from the dispensing cup; that his second daily dose of the medication was withheld as a precaution; and that Plaintiff was examined for medical problems related to the extra dose of methadone and no ill effects were noted. ECF No. 12, Affidavit of Tsechai Tessema, R.N. at 2-3.

For the purpose of motions review, the Court accepts as true Plaintiff's version of the event. Nonetheless, Plaintiff is not entitled to recovery in this Court. At best, Plaintiff's claim

---

[5] Although unclear from the records, it appears that Plaintiff receives methadone to control pain due to a spinal cord injury.

5

against the nurse is based on state tort theories alleging medical malpractice and negligence.[6] Under Maryland law, such a claim could proceed only after the parties complete review before the Maryland Health Claims Arbitration Board. See Md. Code Ann., Cts & Jud. Proc., § 3-2A-01 *et seq.*; see also Davison v. Sinai Hospital of Balt. Inc, 462 F. Supp. 778, 779-81 (D. Md. 1978), aff'd 617 F.2d 361 (4th Cir. 1980); Group Health Ass'n, Inc. v. Blumenthal, 295 Md. 104, 114 (1983). There is no demonstration that Plaintiff has sought or completed such review. This Court lacks jurisdiction over these state court claims and therefore they shall be dismissed without prejudice.

Accordingly, a separate Order shall be entered granting summary judgment in favor of Defendants and dismissing the state tort claims without prejudice.


January 28, 2011                           /s/
Date                           ROGER W. TITUS
                               UNITED STATES DISTRICT JUDGE

---

[6] Plaintiff's bald claim that Tessema's action was deliberate is insufficient to support an Eighth Amendment claim based on deliberate misconduct or deliberate indifference.

6